UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JASON SOUTH,<br>    Plaintiff, | :<br>:<br>: | |
| v. | :<br>: | No. 3:19-cv-1763 (VLB) |
| M. LICON-VITALE, et al.,<br>    Defendants. | :<br>:<br>:<br>: | |

### RULING ON MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff Jason (Anna) South, currently confined at the Federal Correctional Institution in Milan, Missouri, seeks appointment of *pro bono* counsel in this action pursuant to 28 U.S.C. §1915(e)(1). [Dkt. 21] For the reasons set forth below, plaintiff's motion is DENIED without prejudice.

The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. *See, e.g., Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 204 (2d Cir. 2003); *Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997). The Second Circuit requires the movant to satisfy "the threshold requirement that the [case] have 'some likelihood of merit.'" *Smith v. Fischer*, 803 F.3d 124, 127 (2d Cir. 2015) (citing *Cooper v. A. Sergenti Co.*, 877 F.2d 170, 172-74 (2d Cir. 1989)). The Second Circuit also has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. *Saviano v. Local 32B-32J*, 75 F. App'x 58, 59 (2d Cir. 2003) (quoting *Cooper*, 877 F.2d at 173).

The Court denied plaintiff's previous motion for two reasons. Plaintiff had not made any efforts to obtain legal assistance on her own and questions regarding exhaustion of administrative remedies made her motion premature. Doc. #11 at 12. This second motion consists of one line, "Motion for appointment of counsel (previously submitted attempted and denied letters to multiple law firms)." Dkt. #21. The Court assumes that plaintiff is referring to letters from organizations advocating for transgender individuals that she included with evidence of exhaustion of administrative remedies. Dkt. #15-1 at 21-29. Most of the organizations stated that they do not represent individuals or cannot represent persons not in their areas. Several, however, offered legal advice or assistance. Plaintiff has not submitted any letters showing that she was denied representation by any law firms that practice in this area and does not explain why the assistance provided by the various organizations is insufficient at this stage of litigation.

Further, there is an issue regarding exhaustion of administrative remedies. In the second Initial Review Order, the Court determined that, based on the allegations, administrative remedies were not available to plaintiff on her privacy claim and permitted only that claim to proceed. The defendant disputes that determination and has filed a motion to dismiss or for summary judgment on the exhaustion/availability issue. Until that issue is resolved, the Court cannot determine whether plaintiff's claim possesses likely merit. Thus, her motion [Dkt. #21] is DENIED without prejudice as premature.

SO ORDERED.

Entered at Hartford, Connecticut.

3

Vanessa L. Bryant   Digitally signed by Vanessa L. Bryant
Date: 2020.12.12 14:34:45 -05'00'

**Vanessa L. Bryant**
**United States District Judge**