UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON SOUTH,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     No. 3:19-cv-1763 (VLB) |
| M. LICON-VITALE, et al.,<br>    Defendants. | :<br>:<br>:<br>: |

**MEMORANDUM OF DECISION GRANTING SUMMARY JUDGMENT FOR
DEFENDANT AND DECLINING TO REINSTATE DISMISSED CLAIMS**

The plaintiff, Jason South, commenced this civil rights action while she was confined at the Federal Correctional Institution in Danbury, Connecticut. The only remaining claim is for violation of her rights under the Privacy Act against the Bureau of Prisons, the only remaining defendant. The Bureau of Prisons filed a motion to dismiss or for summary judgment on the ground that the plaintiff failed to exhaust her administrative remedies on this claim before commencing this action. In response, plaintiff objects to the motion and seeks to reinstate all dismissed claims.

As the parties refer to additional documents relating to this claim, the court opted to consider the motion as a motion for summary judgment on the exhaustion issue and afforded plaintiff an extension of time, until January 13, 2021, to file a Local Rule 56(a)2 Statement and any additional evidence. Doc. #44. Plaintiff has neither filed additional materials nor sought an extension of time within which to do so. For the following reasons, the defendants' motion is granted and plaintiff's

motions are denied.

### I. Standard of Review

A motion for summary judgment may be granted only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(a), Fed. R. Civ. P.; *see also Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113-14 (2d Cir. 2017). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage*, 875 F.3d at 113-14 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Which facts are material is determined by the substantive law. *Anderson*, 477 U.S. at 248. "The same standard applies whether summary judgment is granted on the merits or on an affirmative defense …." *Giordano v. Market Am., Inc.*, 599 F.3d 87, 93 (2d Cir. 2010).

The moving party bears the initial burden of informing the court of the basis for its motion and identifying the admissible evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). He cannot "'rely on conclusory allegations or unsubstantiated speculation' but 'must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact.'" *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 34 (2d Cir. 2015) (citation omitted). To defeat a motion for summary judgment, the nonmoving party must present such evidence as would allow a jury to find in his favor. *Graham v. Long Island R.R.*, 230 F.3d 34,

38 (2d Cir. 2000).

Although the court is required to read a self-represented "party's papers liberally and interpret them to raise the strongest arguments that they suggest," *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015), "unsupported allegations do not create a material issue of fact" and do not overcome a properly supported motion for summary judgment. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

II. Facts[1]

To exhaust their administrative remedies, federal inmates must complete a four-step process. Def.'s Local Rule 56(a)1 Stmt, Doc. #34-2, ¶ 1. The inmate first must attempt informal resolution with correctional staff using a BP-8 form. *Id.* ¶ 2. If the matter is not resolved, the second step is a formal written complaint to the warden on a BP-9 form. *Id.* If the inmate is dissatisfied with the warden's response, she may appeal to the Regional Office using the BP-10 form. *Id.* Finally, the inmate may appeal to the Bureau of Prisons Office of General Counsel using the BP-11 form. *Id.*

---

[1] The facts are taken from the defendant's Local Rule 56(a)1 Statement and exhibits filed by both parties. Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement which contains separately numbered paragraphs corresponding to the Local Rule 56(a)1 Statement and indicating whether the opposing party admits or denies the facts set forth by the moving party. Each denial must include a specific citation to an affidavit or other admissible evidence. D. Conn. L. Civ. R. 56(a)3. The defendant informed plaintiff of this requirement. *See* Notice to Self-Represented Litigant Concerning Motion for Summary Judgment, Doc. #36. Accordingly, all statements in the defendant's Local Rule 56(a)1 Statement are deemed admitted. *See* D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in said statement and supported by the evidence will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Rule 56(a)2.").

The exhaustion process is complete, and the inmate is determined to have exhausted her administrative remedies, only after receiving a response from the Office of General Counsel.  *Id.* ¶ 3.  If the inmate does not receive a response within the prescribed time, she may consider the lack of response as a denial and proceed to the next level.  *Id.* ¶ 4.

The Bureau of Prisons keeps a record of an inmate's administrative remedies in a computerized database.  *Id.* ¶ 5.  Each administrative remedy is assigned a Remedy ID number followed by a letter to indicate whether the remedy was received by the correctional facility (F), the Regional Office (R), or Office of General Counsel (A) and a number indicating the number of times that particular request was received at the level.  *Id.* ¶ 7.

Plaintiff identified her administrative remedy regarding her Privacy Act claim as Remedy ID: 983941.  *Id.* ¶ 8.  Plaintiff submitted her receipt for this administrative remedy which shows that it was received in the warden's office on July 3, 2019.  *Id.* The receipt bears an undated handwritten note by plaintiff indicating that she had not yet received a reply.  *Id.* & Doc. #15-1 at 36.  Correctional staff responded to the administrative remedy on August 9, 2019.  Doc. #34-2 ¶ 9.  The administrative remedy was marked closed in the database with a notation that a written explanation had been provided to plaintiff.  *Id.* ¶ 10.

On August 26, 2019, plaintiff appealed the administrative remedy to the Northeast Regional Office.  *Id.* ¶ 12.  The Regional Director responded on September 25, 2019, with the appeal being marked closed with a notation that an explanation was provided to plaintiff.  *Id.* ¶ 13.  The database shows no further

action on this appeal. *Id.* ¶ 15.

Plaintiff has submitted documents purportedly showing that her regional appeal of her privacy claim was rejected because she had not first appealed to the warden. *Id.* ¶ 16. The document submitted relates to a different administrative remedy, Remedy ID: 997927-R1, that concerned the denial of toilet paper and photocopies. *Id.* ¶¶ 17-18.

III. Discussion

Plaintiff's privacy claim is based on allegations that plaintiff requested treatment for gender dysphoria including hormone therapy and surgeries, the defendants disclosed this information which was contained in her Bureau of Prison records, and the disclosure resulted in sexual assault. Second Initial Review Order, Doc. #17, at 10.

The Prison Litigation Reform Act ("PLRA") requires a prisoner pursuing a federal lawsuit to exhaust available administrative remedies *before* a court may hear her case. *See* 42 U.S.C. § 1997e(a) (providing in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 ... or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Ross v. Blake*, —— U.S. ——, 136 S. Ct. 1850, 1854-55 (2016). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002).

The PLRA requires "proper exhaustion"; the inmate must use all steps required by the administrative review process applicable to the institution in which she is confined and do so properly. *Jones v. Bock*, 549 U.S. 199, 218 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). See also *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (exhaustion necessitates "using all steps that the [government] agency holds out and doing so properly"). Exhaustion of administrative remedies must be completed before the inmate files suit. *Baez v. Kahonowicz*, 278 F. App'x 27, 29 (2d Cir. 2008) (citing *Neal v. Goord*, 267 F.3d 116, 122-23 (2d Cir. 2001)).

The PLRA "contains its own, textual exception to mandatory exhaustion." *Ross*, 136 S. Ct. at 1858. Section 1997e(a) provides that only those administrative remedies that "are available" must be exhausted. 42 U.S.C. § 1997e(a); *see also Ross*, 136 S. Ct. at 1858 ("[T]he exhaustion requirement hinges on the availability of administrative remedies[.]") (quotations and citations omitted). In the PLRA context, the Supreme Court has determined that "availability" means that "an inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Ross*, 136 S. Ct. at 1859 (quotations and internal citations omitted).

The *Ross* Court identified three circumstances in which a court may find that internal administrative remedies are not available to prisoners under the PLRA. *Id.* at 1859-60. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end— with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* at 1859. "Next, an administrative scheme might be so opaque that it

6

becomes, practically speaking, incapable of use." *Id.* Finally, an administrative remedy is not "available" when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1860.

In *Williams v. Priatno*, 829 F.3d 118, 123 n.2 (2d Cir. 2016), the Second Circuit noted that, "the three circumstances discussed in *Ross* do not appear to be exhaustive[.]" In considering the issue of availability, however, the court is guided by these illustrations. *See Mena v. City of New York*, No. 13-CV-2430 (RJS), 2016 WL 3948100, at *4 (S.D.N.Y. July 19, 2016).

Plaintiff attached to her complaint the BP-8 form she identified in her list of attachments as relating to her privacy claim. Doc. #1 at 42. Plaintiff stated that correctional staff disclosed her commissary purchases and transgender status to other inmates. The response, dated September 9, 2019, indicated that plaintiff was permitted to purchase female items in the commissary when it was unoccupied by other inmates, but staff had no control over the privacy of the items once plaintiff returned to her housing unit. *Id.* at 44.

In response to the Court's order that she provide evidence showing that she exhausted her administrative remedies on the privacy claim, plaintiff submitted the two documents described above. Plaintiff argued that administrative remedies were not available to her because she did not receive responses to her informal requests and grievances to the warden. She submitted a July 2019 receipt for her institutional remedy to the warden with a notation that she never received a response and a rejection of a regional appeal because she had not first appealed

to the warden. Plaintiff stated that this rejection pertained to her privacy claim. Doc. No. 15 at 37, 39. Based on this evidence, the court found that plaintiff had plausibly alleged that administrative remedies were not available to her on the privacy claim. All other claims were dismissed for failure to exhaust administrative remedies. Doc. #17, at 6.

In support of the motion for summary judgment, the defendant has provided a computer printout of administrative remedies submitted by plaintiff. Plaintiff identified the privacy claim remedy for which she did not receive a response as Remedy ID: 983941-F1. The printout shows that the warden responded to the grievance on August 9, 2019. Def.'s Mem., Doc. #34-4 at 9. Plaintiff then filed an appeal to the Regional Office which was denied on September 25, 2019. *Id.* at 10. The defendant also has filed copies of the administrative remedy, appeal, and responses. Doc. ##34-5 & 34-6. The printout contains no record of an appeal to the Office of General Counsel and plaintiff has provided no evidence that she filed this appeal. Thus, administrative remedies were available but plaintiff failed to complete the exhaustion process by submitting the final appeal. Further, the rejection of the regional appeal pertained to another administrative remedy, Remedy ID: 997927-R1, which is unrelated to the privacy claim, instead concerning denial of photocopies and toilet paper. Doc. #34-4 at 13.

Plaintiff now states that Remedy ID: 983941-F1 is not related to her privacy claim and faults the defendant for addressing unrelated grievances. She ignores the fact that she, not the defendant, identified these administrative remedies as relating to her privacy claim. However, the fact that the BP-8 response is dated

September 9, 2019, one month after the BP-9 response to the administrative remedy plaintiff provided, does show that plaintiff did not provide evidence of exhaustion of administrative remedies regarding her privacy claim.

Plaintiff argues that she received no responses to other BP-9 remedies to the warden and her appeals were rejected because she did not have the remedy number which should have been assigned at the BP-9 level. Plaintiff attaches a regional appeal, dated November 28, 2019 and marked received December 5, 2019, in which she complains that she did not receive responses to her BP-9 remedies to the warden and referencing her privacy claim. Doc. #39 at 7. The absence of a response is considered a denial and the inmate can appeal to the next level. Thus, this was an appropriate action. However, plaintiff did not appeal to the Regional Office until after she filed this case. In addition, she provides no evidence that the appeal was denied for lack of a remedy number after she explained the situation. Thus, this evidence does not show that administrative remedies were not available.

As the record evidence shows that plaintiff did not complete the exhaustion process prior to commencing this action, the motion for summary judgment is granted on the privacy claim.

IV. Motions to Reinstate All Claims

Plaintiff argues that the lack of responses to her grievances shows that administrative remedies were not available on any of her claims and seeks to reinstate all previously dismissed claims. As stated above, however, she fails to present evidence showing that appeals were denied for lack of a remedy number after she explained that she did not receive an acknowledgement of a filing at the

facility level. As she has not presented evidence showing that administrative remedies were unavailable and the computer printout show that she has submitted grievances on other issues, at least one of which was properly exhausted, plaintiff's motions to reinstate all dismissed claims are denied.

CONCLUSION

Defendant's motion for summary judgment [Doc. #34] is GRANTED and plaintiff's motions to reinstate all dismissed claims [Docs. #39, 40] are DENIED. The Clerk is directed to enter judgment and close this case.

SO ORDERED at Hartford, Connecticut.

Vanessa L. Bryant
Digitally signed by Vanessa L. Bryant
Date: 2021.02.08 11:06:07 -05'00'

**Vanessa L. Bryant**
**United States District Judge**